ØŠÒÖ
GⰽGI ÁJ ÔVÁGI ÆGKGFÁT
SⰽÔ ÕÁÒUWⰽVY
ÙWÚÒÜⰽQIJÚÒUWÚVⰽÕŠÒÜS
ÒⰽÂŠÒÖ
Ô ⰽÜÒÁ ÄÁ KⰽÊ GⰽGI J ⰽI ÊÁ Ú Ò ⰽ

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| IN THE MATTER OF: | Case No. _____ SEA |
|---|---|
| DA LI DEVELOPMENT USA LLC, a Washington Limited Liability Company, | COMPLAINT FOR DAMAGES |
| PLAINTIFF, | |
| v. | |
| DONALD GAUBE, an Individual, DAVID KRAM, an Individual, RICHART RUDDIE, an Individual, and JERROLD KRAM, an Individual, | |
| DEFENDANTS. | |

COMES NOW: The Plaintiff, DA LI DEVELOPMENT USA LLC ("Plaintiff" or "Da Li"), for causes of action against Defendants DONALD GAUBE ("Gaube"), DAVID KRAM ("D. Kram"), RICHART RUDDIE ("Ruddie"), and JERROLD KRAM ("J. Kram") (individually each referred to also as "Defendant" or together referred to as "Defendants"), seeking damages against the Defendants, and alleges the following:

\\

\\

COMPLAINT - 1

**McGlinchey Stafford**
2101 4th Avenue, Suite 2050
Seattle, WA 98121
Telephone (206) 657-8820
Facsimile (206) 299-5603

# I.   PARTIES

1.        Plaintiff DA LI is a Washington State Limited Liability Company with its principal office located at: 450 South Main Street, Suite 168, Seattle, Washington, 98104.

2.        Defendant DONALD GAUBE is an individual who, on information and belief and at all times relevant to this matter, is domiciled in and is a citizen of  Alamo, California

3.        Defendant DAVID KRAM is an individual who, on information and belief and at all times relevant to this matter, is domiciled in and is a citizen of Walnut Creek, California.

4.        Defendant RICHART RUDDIE is an individual who, on information and belief and at all times relevant to this matter, is domiciled in and is a citizen of Fort Lauderdale, Florida.

5.        Defendant JERROLD KRAM is an individual who, on information and belief and at all times relevant to this matter, domiciled in and is a citizen of Glen Ellen, California

# II.   JURISDICTION AND VENUE

6.        This Court has subject matter jurisdiction pursuant to RCW 2.08.010.

7.        This Court is the proper venue under RCW 4.12.020 which authorizes this action to be brought in the county in which the cause of action or some part thereof arose.

# III.   FACTS

8.        On or about September 2, 2021, DA LI DEVELOPMENT LLC ("DLD") and the Defendants executed a Promissory Note (the "Note") wherein DLD agreed to lend to the Defendants the sum of $400,000.00.  A true and correct copy of the Promissory Note is attached hereto as **Exhibit A.**

9.        Pursuant to the terms of the Note, the Defendants, jointly and severally, agreed to re-pay Da Li the $400,000.00 that was lent, with a per annum interest rate of 5% (five percent) if timely repaid. *See* Exhibit A, ¶ 1.

COMPLAINT - 2

**McGlinchey Stafford**
2101 4th Avenue, Suite 2050
Seattle, WA 98121
Telephone (206) 657-8820
Facsimile (206) 299-5603

10.     On April 1, 2023, DLD assigned the Note to Da Li, including all right, title and interest in the Note.

11.     The Note matured on September 1, 2023, and became due and payable in full on that date. *Id.* at ¶ 2.

12.     Defendants made single payment under the Note on April 30, 2022 in the amount of $10,356.17.  Defendants have made no payments since that date.

13.     Per the terms of the Note, "the failure to make any payment of principal or any other amount payable hereunder when due" constitutes an Event of Default.  *Id.* at ¶ 3.  Defendants are currently in default under the terms of the Note.

14.     Additionally, if an Event of Default occurs, the Defendants are obligated under the Note to pay interest on the entire amount in default from the date of the Event of Default at an annual rate equal to lesser of 15% (fifteen percent) per annum or the highest rate permitted by applicable law.  *Id.* at ¶ 3(2).

15.     Da Li has satisfied all conditions precedent prior to filing this lawsuit.

16.     As a result of the Defendants' actions, Da Li has been forced to retain the legal services of McGlinchey Stafford and is obligated to pay its attorneys a reasonable fee for representation.

## IV.   FIRST CAUSE OF ACTION: BREACH OF CONTRACT

17.     Da Li realleges and incorporates by reference the Paragraphs 1-17 above as though fully set forth herein.

18.     DLD and Defendants executed the Note on or about September 2, 2021.

19.     This Note constitutes a valid and enforceable contract.

COMPLAINT - 3

20.     DLD fully performed its obligations under the Note by lending to the Defendants the sum of $400,000.00.

21.     On April 1, 2023, DLD assigned the Note, including all rights, title and interest to it, to Da Li.

22.     Defendants breached the Note by failing to pay the amount due under the Note, along with all accrued interest.

23.     As a result of Defendants' breach of the Note, Da Li has been denied the benefit of the bargain in its entirety, and has suffered and continues to suffer substantial financial loss and damages.

## V.  SECOND CAUSE OF ACTION: PROMISSORY ESTOPPEL

24.     Da Li realleges and incorporates by reference the Paragraphs 1-17 above as though fully set forth herein.

25.     Defendants promised to pay $400,000.00 plus interest at a rate per annum equal to 5% (five percent), provided the entire unpaid principal amount, together with accrued interest thereon, was repaid to Plaintiff in full no later than September 1, 2023.

26.     Defendants expected, and reasonably should have expected, that the promise to pay DLD $400,000.00 with interest (as well as the other negotiated terms of the Note) would cause DLD to change position and, among other things, lend the Defendants $400,000.00.

27.     DLD reasonably and justifiably relied on Defendants' promises when deciding to lend the $400,000.00 to the Defendants.

28.     On April 1, 2023, DLD assigned the Note, including all rights, title and interest to it, to Da Li.

COMPLAINT - 4

29.     Plaintiff has been, and will continue to be, severely injured if Defendants are permitted to contradict or deny those promises now, and if those promises were unenforced.

30.     In order to avoid injustice, Defendants must be ordered to pay the monies due and owing to Plaintiff under the plain language of the Note.

## VI. THIRD CAUSE OF ACTION: UNJUST ENRICHMENT

31.     Plaintiff realleges and incorporates by reference the Paragraphs 1-17 above as though fully set forth herein.

32.     DLD conferred a benefit on Defendants by loaning them $400,000.00 on September 2, 2021.

33.     Defendants knowingly received the benefit of the bargain by receiving $400,000.00.

34.     Defendants accepted and retained said benefit.

35.     On April 1, 2023, DLD assigned the Note, including all rights, title and interest to it, to Da Li.

36.     Defendants have been unjustly enriched at the expense of Da Li.

37.     The circumstances make it inequitable or unjust for Defendants to retain the benefit.

38.     As a result of Defendants unjust enrichment, Da Li has suffered and continues to suffer financial loss and damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, Da Li prays for judgment against Defendants as follows:

47.     An order against Defendants DONALD GAUBE, DAVID KRAM, RICHART RUDDIE, and JERROLD KRAM and judgment awarding Da Li damages for breach of contract, promissory estoppel, and unjust enrichment in an amount to be determined at trial, but no less than $400,000.00 (four hundred thousand dollars);

COMPLAINT - 5

**McGlinchey Stafford**
2101 4th Avenue, Suite 2050
Seattle, WA 98121
Telephone (206) 657-8820
Facsimile (206) 299-5603

1      48.    Pre- and post-judgment interest in an annual rate equal to the lesser of 15% (fifteen

2  percent) per annum or the highest rate permitted by applicable law;

3      49.    An award of Plaintiff's costs and expenses, including reasonable attorney's fees,

4  pursuant to the terms of the Note; and

5      50.    For such other and further relief as this Court deems just and equitable.

6

7  Dated:  October 28, 2024

8                                        McGLINCHEY STAFFORD PLLC:

9

10                                       _____
                                         Heidi Urness, WSBA No. 53165
11                                       2101 4th Avenue, 20th Floor, Suite #2050
                                         Seattle, WA 98121
12                                       hurness@mcglinchey.com
                                         Telephone:  (206) 657-8825
13                                       Facsimile:  (206) 299-5603

14

15

16

17

18

19

20

21

22

23

COMPLAINT - 6

# EXHIBIT A

# PROMISSORY NOTE

$400,000                                                              Date:  September 2, 2021

FOR VALUE RECEIVED, **DONALD GAUBE, DAVID KRAM, RICHART RUDDIE** and **JERROLD KRAM**  (collectively, "**Borrower**"), hereby unconditionally promises to pay to **DA LI DEVELOPMENT LLC**, a Washington limited liability company (together with any and all of its successors, participants, co-lenders and assigns, "**Holder**"), without offset, in immediately available funds in lawful money of the United States of America, at such address as Holder may designate by written notice from time to time, the principal sum of Four Hundred Thousand Dollars ($400,000), together with interest on the unpaid principal balance of this Promissory Note (this "**Note**") from day to day outstanding as hereinafter provided.

1.      **Interest Rate**. The unpaid principal balance of this Note from day-to-day outstanding shall bear simple interest at a rate per annum equal to five percent (5%).  Interest shall be calculated for actual days elapsed on the basis of a 365-day year, actual days elapsed.  Interest payments shall be paid quarterly and the total outstanding interest shall be due and payable on the Maturity Date (defined below).

2.      **Maturity Date**. The entire unpaid principal amount, together with accrued interest thereon, and all other sums due under this Note or under any other documents evidencing or securing this Note, shall be due and payable in full on September 1, 2023 (the "**Maturity Date**"). Borrower shall have the right to prepay the loan at any time without penalty.

3.      **Events of Default**.

The occurrence of any of the following shall constitute an "**Event of Default**" under this Note:

(1)      the failure to make any payment of principal or any other amount payable hereunder when due under this Note; or

(2)      the filing of a petition by or against Borrower under any provision of the Bankruptcy Reform Act, Title 11 of the United States Code, as amended or recodified from time to time, or under any similar law relating to bankruptcy, insolvency or other relief for debtors; or appointment of a receiver, trustee, custodian or liquidator of or for all or any part of the assets or property of Borrower; or the insolvency of Borrower; or the making of a general assignment for the benefit of creditors by Borrower or the dissolution or liquidation of Borrower; or the taking of any action for the purpose of effecting any of the foregoing.

Upon the occurrence of any Event of Default, the Holder, at its option, may (i) by notice to Borrower, declare the unpaid principal amount of this Promissory Note and all other amounts payable hereunder to be immediately due and payable, whereupon the unpaid principal amount of this Promissory Note and all such other amounts shall become immediately due and payable (subject to Borrower's right of reinstatement and other applicable protections under California

law), <u>provided</u> that if an event described in paragraph (2) above shall occur, the result which would otherwise occur only upon giving of notice by the Holder to Borrower as specified above shall occur automatically, without the giving of any such notice; and (ii) whether or not the actions referred to in clause (i) have been taken, exercise any or all of the Holder's rights and remedies available to the Holder under applicable law, either by suit in equity or action at law, or both.  If an Event of Default shall occur Borrower shall be obligated to pay interest on the entire amount in default from the date of such Event of Default at an annual rate equal to the lesser of 15% per annum or the highest rate permitted by applicable law.

Borrower agrees to pay on demand all of the losses, costs, and expenses (including, without limitation, reasonable attorneys' fees and disbursements) which the Holder incurs in connection with enforcement of this Note, or the protection or preservation of the Holder's rights under this Note, whether by judicial proceeding or otherwise.  Such costs and expenses include, without limitation, those incurred in connection with any workout or refinancing, or any bankruptcy, insolvency, liquidation or similar proceedings.

If all or any portion of any payment required hereunder is not paid on or before ten (10) days following the day on which such payment is due, Borrower shall pay a late or collection charge, as liquidated damages, equal to five percent (5%) of the amount of such unpaid payment. Borrower acknowledges that Lender will incur additional expenses as a result of any late payments hereunder, which expenses would be impracticable to quantify, and that Borrower's payments under this section are a reasonable estimate of such expenses.

4.    **Remedies**. During the continuance of an Event of Default, Holder may at any time thereafter exercise any one or more of the following rights, powers and remedies:

(a)    Holder may accelerate the Maturity Date and declare the unpaid principal balance and accrued but unpaid interest on this Note, and all other amounts payable hereunder, at once due and payable, and upon such declaration the same shall at once be due and payable.

(b)    Holder may set off the amount due against any and all accounts, credits, money, securities or other property now or hereafter on deposit with, held by or in the possession of Holder to the credit for the account of Borrower, without notice to or the consent of Borrower.

5.    **Waiver**. Borrower hereby waives diligence, presentment, protest and demand, notice of protest, dishonor and nonpayment of this Note, and expressly agrees that, without in any way affecting the liability of Borrower hereunder, the Holder may extend any maturity date or the time for payment of any installment due hereunder, accept additional security, release any party liable hereunder and release any security now or hereafter securing this Note.  Notwithstanding the foregoing or anything in this Note to the contrary, in the event Borrower, with Holder's permission, fails to pay any monthly installment when due, all accrued but unpaid interest shall be added to the then outstanding principal balance, which resulting sum shall continue to bear interest at the applicable rate until paid. Borrower further waives, to the full extent permitted by law, the right to plead any and all statutes of limitations as a defense to any demand on this Note, or on any mortgage, security agreement, guaranty or other agreement now or hereafter securing this Note.

6.      **Heirs, Successors and Assigns**. Neither this Note nor any of the rights, interests or obligations hereunder may be assigned, by operation of law or otherwise, in whole or in part, by Borrower without the prior written consent of the Holder. The rights and obligations of Borrower and the Holder under this Note shall be binding upon and benefit the successors, assigns, heirs, administrators and transferees of the parties. Any provision of this Note may be amended, waived or modified upon the written consent of Borrower and the Holder.

7.      **Notice**. Any notice, demand, request or other communication which any party hereto maybe required or may desire to give hereunder shall be in writing and shall be deemed to have been properly given (a) if hand delivered, when delivered; (b) if mailed by United States Certified Mail (postage prepaid, return receipt requested), three (3) Business Days after mailing (c) if by Federal Express or other reliable overnight courier service, on the next business day after delivered to such courier service or (d) via email at such other address as the party to be served with notice may have furnished in writing to the party seeking or desiring to serve notice as a place for the service of notice.

8.      **Representation**. Borrower hereby represents and warrants and covenants to the Holder that this Note constitutes the valid and legally binding obligation of Borrower, enforceable in accordance with its terms except as limited by applicable bankruptcy, reorganization, insolvency, moratorium and similar laws affecting the rights of creditors generally, and laws relating to the availability of specific performance, injunctive relief or other equitable remedies.

9.      **Governing Law**. This Note and the rights and obligations of parties hereunder shall be governed by, and construed and interpreted in accordance with, the internal laws of the State of Washington, without regard to principles of conflict of laws.

10.     **No Usury**. It is expressly stipulated and agreed to be the intent of Borrower and Holder at all times to comply with applicable state law and applicable United States federal law (to the extent that it permits Holder to contract for, charge, take, reserve or receive a greater amount of interest than under state law) and that this Section shall control every other covenant and agreement in this Note. If applicable state or federal law should at any time be judicially interpreted so as to render usurious any amount called for under this Note or contracted for, charged, taken, reserved, or received with respect to the loan, or if the Holder's exercise of the option to accelerate the Maturity date, or if any prepayment by Borrower results in Borrower having paid any interest in excess of that permitted by applicable law, then it is Holder's express intent that all excess amounts theretofore collected by Holder shall be credited on the principal balance of this Note, without necessity of the execution of any new documents, so as to comply with the applicable law, but so as to permit the recovery of the fullest amount otherwise called for hereunder. All sums paid or agreed to be paid to Holder for the use or forbearance of the loan shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full stated term of the loan.

11.     **Headings**. The subject headings of the paragraphs of this Note are included for purposes of convenience only, and shall not affect the construction or interpretation of any of its provisions.

12.     **Time of Essence**. Time is of the essence with respect to each provision and covenant contained in this Note.

13.     **Severability of Provisions**.  In the event any one or more of the provisions hereof shall be invalid, illegal or unenforceable in any respect, the validity of the remaining provisions hereof shall be in no way affected, prejudiced or disturbed thereby.

14.     **Binding Effect**.  This Note shall be binding upon Borrower, its permitted successors, representatives and assigns, and shall inure to the benefit of Lender and its successors and assigns; provided, however, that in no event shall Borrower have the right to assign its obligations hereunder without the prior written consent of Lender, which consent Lender may withhold in its sole and absolute discretion.

15.     **Payment Without Offset**.   Principal and interest shall be paid without deduction or offset in immediately available funds in lawful money of the United States of America. Payments shall be deemed received only upon actual receipt by Lender.

[SIGNATURE PAGE TO FOLLOW]

IN WITNESS WHEREOF, Borrower has duly executed this Note as of the date first above written.

BORROWER:

_____
Donald Gaube

DocuSigned by:

_____
A36507902A7FA86
David Kram

_____
Richart Ruddie

DocuSigned by:

_____
F98D267D3B9A48C
Jerrold Kram