The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DA LI DEVELOPMENT USA LLC, a Washington Limited Liability Company,

    Plaintiff,

v.

DONALD GAUBE, an Individual, DAVID KRAM, an Individual, RICHART RUDDIE, an Individual, and JERROLD KRAM, an Individual,

    Defendants.

Case No. 2:25-cv-00150-BJR

**ORDER GRANTING DEFENDANTS' MOTION FOR STAY AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO COMPEL ARBITRATION AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This matter comes before the Court on Defendants'[1] Motion for Summary Judgment, to Compel Arbitration, or in the Alternative, Stay Proceedings, Dkt. No. 16, and Plaintiff Da Li Development USA LLC's Motion for Summary Judgment, Dkt. No. 17. Having fully considered the materials and the relevant legal authorities, the Court grants, in part, Defendants' Motion and denies Plaintiff's Motion. The reasoning for the Court's decision follows.

---

[1] Defendants include Donald Gaube, David Kram, Richart Ruddie, and Jerrold Kram.

ORDER GRANTING DEFENDANTS' MOTION FOR STAY AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO COMPEL ARBITRATION AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

- 1

## II.  BACKGROUND

This case arises from a commercial real estate transaction involving a shopping center ("the Property") in Auburn, Washington. Seller Da Li Development LLC ("DLD") and buyer Alamo Group, LLC ("Alamo Group"), executed a Purchase and Sale Agreement for the Property. Defs.' Ex. A, Dkt. No. 17-1. The Purchase and Sale Agreement provided a time limit for asserting any cause of action with respect to a breach of representations and warranties arising from the transaction. *Id.* ¶ 35.

DLD and Alamo Group executed a Second Amendment to the Purchase and Sale Agreement. Defs.' Ex. B, Dkt. No. 17-2. Under the terms of the Second Amendment, DLD agreed to provide a seller financing credit to Alamo Group in the amount of $400,000, and Alamo Group "agree[d] that the partnership entity that takes title to the property shall personally guaranty the loan." *Id.* at 2-3. DLD and Defendants later executed a Promissory Note. Defs.' Ex. C, Dkt. No. 17-3. The Note stated that it was "For Value Received" and specified that Defendants, the individual members of Alamo Group, rather than any corporate entity, agreed to the financing arrangement:

> **PROMISSORY NOTE**
>
> $400,000                                           Date: September 2, 2021
>
> FOR VALUE RECEIVED, **DONALD GAUBE, DAVID KRAM, RICHART RUDDIE** and **JERROLD KRAM** (collectively, "**Borrower**"), hereby unconditionally promises to pay to **DA LI DEVELOPMENT LLC**, a Washington limited liability company (together with any and all of its successors, participants, co-lenders and assigns, "**Holder**"), without offset, in immediately available funds in lawful money of the United States of America, at such address as Holder may designate by written notice from time to time, the principal sum of Four Hundred Thousand Dollars ($400,000), together with interest on the unpaid principal balance of this Promissory Note (this "**Note**") from day to day outstanding as hereinafter provided.

ORDER GRANTING DEFENDANTS' MOTION FOR STAY AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO COMPEL ARBITRATION AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

- 2

*Id.* at 2. The promissory note was signed by each Defendant individually. *Id.* at 6.

Prior to closing, Alamo Group assigned its purchase rights to AF Auburn, LLC ("AF Auburn"). Pl.'s Ex. A at 11-13, Dkt. No. 19. Also prior to closing, a dispute arose concerning whether DLD had misrepresented the size of a Bartell Drugs retail space that was part of the Property. *See* Pl.'s Ex. C, Dkt No. 19; Pl.'s Ex. D, Dkt. No. 19. Despite this dispute, DLD and AF Auburn moved forward with closing. Defs.' Ex. D, Dkt. No. 17-4.

After closing, DLD and AF Auburn entered into a Tolling Agreement. Defs.' Ex. E, Dkt. No. 17-5. The Tolling Agreement extended the deadline set forth in the Purchase and Sale Agreement for AF Auburn and DLD to assert certain claims and required that any claims between those parties be resolved through arbitration. *Id.* AF Auburn timely served an Arbitration Demand on DLD. Defs.' Ex. F, Dkt. No. 17-6. In the Demand, AF Auburn alleged a claim for breach of contract against DLD based on DLD's alleged misrepresentation of the size of the Bartell Drugs space. *Id.*; *see also* Defs.' Ex. G, Dkt. No. 17-7.

In April 2023, DLD assigned the Promissory Note to Plaintiff. Decl. of Kai-An Hsieh ¶ 16, Dkt. No. 19. The Note matured on September 1, 2023. Defs.' Ex. C ¶ 2.

In 2024, Plaintiff filed in Washington State court the underlying Complaint, alleging claims for (1) breach of contract, (2) promissory estoppel, and (3) unjust enrichment, based on Defendants' alleged failure to pay the amount due under the terms of the Promissory Note. Compl., Dkt. No. 1-1. Defendants removed the action to this Court. Ntc. of Removal, Dkt. No. 1.

Defendants now move for summary judgment, arguing that the Promissory Note fails for lack of consideration. Defs.' Mot. at 5-7. Defendants further assert that any claims remaining

ORDER GRANTING DEFENDANTS' MOTION FOR STAY AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO COMPEL ARBITRATION AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

- 3

following summary judgment should be compelled to arbitration. *Id.* at 7-12. In the alternative, Defendants ask this Court to stay proceedings pending the outcome of the pending arbitration proceedings concerning DLD's alleged misrepresentation of the size of the Bartell Drugs space. *Id.* at 12-15. Plaintiff also moves for summary judgment. Pl.'s Cross-Mot. & Resp. at 12-15.

### III.     LEGAL STANDARD AND DISCUSSION

The Court concludes that these proceedings should be stayed pending the outcome of AF Auburn's arbitration. *See* Defs.' Ex. G. The Court thus declines to address the parties' remaining arguments concerning summary judgment and the arbitrability of these proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The inherent power to stay includes granting an order to stay "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In determining the propriety of a stay, the Court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. Such balance includes consideration of "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. A stay is appropriate when it will serve the interests of judicial economy by allowing for development of

ORDER GRANTING DEFENDANTS' MOTION FOR STAY AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO COMPEL ARBITRATION AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

- 4

1  factual and legal issues, and when weighing of the hardships favors granting of a stay. *See, e.g.*,
2  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

3      The factors weigh in favor of a stay here. Although the parties dispute the exact degree to
4  which the instant proceedings are related to AF Auburn's pending arbitration, it is apparent that the
5  two cases arise from a common transaction: DLD's sale of the Property to AF Auburn. *See, e.g.*,
6  Defs.' Mot. at 6-7; Pl.'s Reply at 11-12, Dkt. No. 28. The parties' Motions raise arguments
7  regarding (1) whether the Promissory Note should be treated as a wholly independent agreement
8  from the Purchase and Sale Agreement; and (2) whether AF Auburn may offset any damages that
9  it ultimately obtains in arbitration by the amount owed under the Promissory Note, among others.
10 Defs.' Mot. at 9-12; Pl.'s Cross-Mot. & Resp. at 19-23; Defs.' Reply at 12, Dkt. No. 23; Pl.'s Reply
11 at 14. The Court is persuaded that the outcome of AF Auburn's arbitration will streamline these
12 issues. Additionally, any prejudice to Plaintiff from a stay will likely be minimal. The arbitration
13 proceedings are already underway. Defs.' Mot. at 14. Staying these proceedings will best serve the
14 interests of judicial economy.

ORDER GRANTING DEFENDANTS' MOTION FOR STAY AND DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND TO COMPEL ARBITRATION AND PLAINTIFF'S CROSS-MOTION
FOR SUMMARY JUDGMENT

- 5

## IV. CONCLUSION

For the foregoing reasons:

1. Defendants' Motion for Stay (Dkt. No. 16) is GRANTED. This action is STAYED pending resolution of the arbitration proceedings referenced herein.

2. Defendants' Motion for Summary Judgment and To Compel Arbitration (Dkt. No. 16) is DENIED.

3. Plaintiff's Motion for Summary Judgment (Dkt. No. 18) is DENIED.

4. The parties are DIRECTED to file a status report within fifteen days of the conclusion of the arbitration proceedings or by February 23, 2026, whichever is earlier.

DATED this 25th day of August 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING DEFENDANTS' MOTION FOR STAY AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO COMPEL ARBITRATION AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

- 6